The STATE OF KANSAS ex rel. SECRETARY OF SOCIAL AND REHABILITATION SERVICES, Plaintiff,

v.

Donna SHALALA, as Secretary of the United States Department of Health and Human Services, Defendant.

No. 93–4162–SAC.

United States District Court, D. Kansas.

March 20, 1995.

Robert R. Hiller, Jr., Social & Rehabilitation Services, Topeka, KS, for plaintiff State of Kan., ex rel. Secretary of Social and Rehabilitation Services.

C. Geraldine Umphenour, Office of Gen. Counsel, Dept. of Health & Human Services, Kansas City, MO, D. Brad Bailey, Office of U.S. Atty., Topeka, KS, Frank V. Smith, III, Dept. of Health & Human Services, Kansas City, MO, for defendant Donna Shalala, Secretary of Health and Human Services of U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On July 14, 1994, this court issued a twenty-eight page memorandum and order granting the defendant's, Donna Shalala, as Secretary of the United States Department of Health and Human Services, motion for summary judgment. *See State of Kansas, ex rel. v. Shalala,* 859 F.Supp. 484 (D.Kan.1994). On page 490, n. 5, of that memorandum and order it states:

> In any event, the court will consider a timely motion to alter and amend if the plaintiff can demonstrate that it failed to advance any argument or failed to direct the court's attention to any portion of the administrative record based upon its good faith belief that the undecided motions concerning discovery in and of themselves precluded summary judgment.

Judgment was entered in favor of the defendant on the same day the memorandum and order was filed. *See* (Dk. 29).

On July 22, 1994, the plaintiff, the State of Kansas, filed a motion to alter and amend (Dk. 31). In that motion, the plaintiff sought to amend its response to the defendant's motion for summary judgment. The plaintiff requested thirty days in which to amend its response to the defendant's motion for summary judgment. The plaintiff contended that it had a good faith belief that the then outstanding motion for a protective order filed by the defendant in-and-of-itself precluded summary judgment. The plaintiff contended that granting its motion would not prejudice the defendant in any way and would allow the court to review the record from the standpoint of both parties. Over the defendant's objection, the court granted the plaintiff additional time to file its brief in support of its motion to alter and amend. *See State of Kansas ex rel. v. Shalala* Case No. 93–4162–SAC, 1994 WL 568858, 1994 U.S.Dist. LEXIS 14954 (D.Kan. Sept. 30, 1994). In that memorandum and order, the court stated:

> The court has treated this request by the plaintiff as a request for an additional thirty days to prepare its brief in support of

its motion to alter and amend. In light of the fact that judgment has been entered in this case, the court will not permit the plaintiff "to amend its response to the defendant's motion for summary judgment." To belabor the obvious, the court will simply consider the arguments advanced by the plaintiff in its motion to alter and amend when deciding whether the plaintiff is entitled to relief from judgment under Fed.R.Civ.P. 59(e).

*Id.* at *1, n. 1, 1994 U.S.Dist. LEXIS 14954 at *2, n. 1.

On October 25, 1994, the plaintiff filed its brief in support of its motion to alter and amend. On November 3, 1994, the defendant filed her response. The plaintiff did not file a reply.

### Analysis

While not raised by either party, since the time the court granted the defendant's motion for summary judgment, the Tenth Circuit has explicitly prohibited the use of summary judgment procedures in reviewing decisions under the Administrative Procedure Act (APA). The use of summary judgment procedures by the district court "is inconsistent with the standards for judicial review of agency action under the APA." *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir.1994).[1] One of the primary reasons that summary judgment is an inappropriate procedure for review under the APA is that "it permits the issues on appeal to be defined by the appellee and invites (even requires) the reviewing court to rely on evidence outside the administrative record." *Id.* at 1579–1580. "Reviews of agency action in the district court's must be processed *as appeals.*" *Id.* at 1580. In *Olenhouse,* based upon the district court's reliance on summary judgment procedures, including reliance on materials outside the administrative record, as

well as other errors, the Tenth Circuit reversed the district court.

█ In the case at bar, the parties' use and the court's acceptance of the summary judgment standards for purposes of evaluating the defendant's decision resulted in no harm to either party and in no way undermines the court's conclusion that the Secretary's decision was not arbitrary, capricious or contrary to the law. Despite the use of summary judgment nomenclature, the court's review of the defendant's decision was, as a practical matter, fundamentally consistent with the review procedures established by the Tenth Circuit. The court understood that its review of the defendant's decision was limited solely to the administrative record and has based its decision strictly on that record.[2] In short, while it is now clear that it was erroneous for the court to evaluate the respective positions of the parties utilizing the parlance and procedures of Fed.R.Civ.P. 56 and D.Kan. Rule 206, the court's affirmance of the Secretary's decision was appropriate under the actual standards governing the district court's review of administrative agency decisions.[3]

Moreover, in evaluating the plaintiff's motion to alter and amend, the court has not applied the exacting standards generally governing motions pursuant to Fed.R.Civ.P. 59(e). *See, e.g., Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.) (discussing standards for motion to alter or amend), *aff'd,* 43 F.3d 1484 (10th Cir.1994). Instead, the court has considered all of the arguments advanced by the parties in support of their respective positions.

At no point has the plaintiff suggested that the court has misunderstood its role or advanced any argument causing the court to believe that there has been any error in the court's legal analysis. Although the fact that the defendant's motion for summary judg-

---

1. *Olenhouse* was decided on December 20, 1994, after the parties filed their respective briefs regarding the plaintiff's motion to alter and amend.

2. As the court made clear in its July 14, 1994, memorandum and order, the general rule that review of an administrative decision is limited to the administrative record is subject to certain narrow exceptions. 859 F.Supp. at 488. The

plaintiff has simply failed to demonstrate that any of those exceptions apply to the case at bar.

3. At no point has the plaintiff asserted that the court has not used the appropriate standard of review in this case. Instead, the plaintiff basically challenges the substantive conclusions reached by the court.

ment permitted her to file both an opening and reply brief, the plaintiff was afforded a full opportunity to identify any argument, point or issue it wished to advance in either its opening brief or a reply brief in support of its motion to alter and amend. The plaintiff has simply failed to demonstrate that the Secretary's decision was arbitrary, capricious or contrary to the law. Consequently, the court denies the plaintiff's motion to alter and amend.

### Merits of Plaintiff's Motion [4]

The plaintiff's brief in support of its motion to alter and amend is basically a rehash, albeit in slightly different forms, of the same arguments that the court previously found legally and factually unpersuasive. Nothing argued by the plaintiff demonstrates that the Secretary's decision in this case was arbitrary or capricious or contrary to the law.

In response to the arguments raised by the defendant, the plaintiff identifies several interrogatories to which the defendant has not responded. The plaintiff argues, but makes no attempt to specifically explain, how the answers to these interrogatories are relevant to evaluating the Secretary's decision or are justified under an exception to the general rule limiting review to the administrative record. In short, the plaintiff has not demonstrated that discovery is necessary or appropriate in this case, nor has it demonstrated that the administrative record is insufficient to properly evaluate the Secretary's decision. The Secretary's decision is amply supported by the record as it now exists.

Although the court has considered all of the arguments advanced by the plaintiff, the court deems it unnecessary to specifically address each and every argument advanced. The court believes that its July 14, 1994, memorandum and order largely addresses all of the arguments advanced by the plaintiff.

The court will not use its limited resources to plow the same ground a second time.

■ One argument advanced by the plaintiff does merit additional comment. The plaintiff contends that a change in federal policy in October 1987 [5] was the event triggering the need for its CAP amendment and was not, as argued by the defendant, the State of Kansas' discretionary decision to institute a change in methodology. As the defendant notes, this change in policy was issued almost two years prior to the time the plaintiff submitted the proposed CAP amendment. In any event, the plaintiff was apparently aware prior to October 1987 that it was understating its Title IV–E administrative claims. Based upon these and other facts, the Secretary could reasonably conclude that the State of Kansas' own choices and decisions resulted in the underclaims.

In sum, based solely upon the administrative record, the briefs of counsel and the applicable law, the court finds that the Secretary's decision was not arbitrary, capricious or contrary to the law.

IT IS THEREFORE ORDERED that the plaintiff's motion to alter and amend (Dk. 31) is denied.

---

**4.** In its brief in support of its motion to alter and amend, the plaintiff generally abandoned any attempt to tie its arguments to the 787 page administrative record, relegating the task of locating the relevant portions of the record to the court. Such briefing practices are discouraged. It should not be the court's task to shoulder the burden of scouring the entire file in a quest to find the relevant portions of the administrative record.

**5.** *See* ACYF–PA–87–05 (Allowable Administrative Costs) (Administrative Record at p. 330–333); *see also* Administrative Record at p. 5 (explaining that ACF adopted ACYF–PA–87–05 in response to the Board's decision in *Missouri Dept. of Human Services,* DAB No. 844 (1987)).